EXHIBIT 1



STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSURANCE
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

May 24, 2007

Om Financial Life Insurance Company
1001 Fleet Street, 7Th Flr
Baltimore, MD 21202
NAIC # 63274

aw & Compliance

MAY 3 0 2007

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7006 2150 0004 6620 0052
Cashier # 3523

Re: Saundra Rickman  V.  Om Financial Life Insurance Company

Docket # 07C-1345

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Breach Of Contract Complaint was served on me on May 23, 2007 by Saundra Rickman pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Circuit Court of Davidson County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Davidson County
    506 Metro Courthouse
    Nashville, Tn 37201

Service of Process 615 532 5260

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

[X] First
[ ] Alias
[ ] Pluries

Saundra Rickman

CIVIL ACTION DOCKET NO. 07C1345

**Plaintiff**

Vs.

Fidelity + Guaranty Life Insurance Co. by and through the Commissioner of the TN Department of Commerce + Insurance 500 James Robertson Hwy ste 660 Nashville TN 37243

**Defendant**

**Method of Service:**
[ ] Davidson County Sheriff
[ ] Out of County Sheriff
[ ] Secretary of State
[X] Certified Mail
[ ] Personal Service
[X] Commissioner of Insurance

D3

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 5.15.07

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Amanda E. Scales |
|---|---|
| | Eric Buchanan & Associates PLLC |
| | 414 McCallie Avenue |
| Address | Chattanooga, TN 37402 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20___.

_____
**SHERIFF**

If you have a disability and require assistance, please contact 862-5204.

FILED
2007 MAY -9 PM 2:
RICHARD R. ROOKER, CLERK
R. Thomas D.C.

COPY

IN THE CIRCUIT COURT OF
DAVIDSON COUNTY, TENNESSEE

SAUNDRA RICKMAN
Plaintiff

v.

CASSANDRA PRESSLEY;

OM FINANCIAL LIFE INSURANCE
COMPANY; and

FIDELITY AND GUARANTY LIFE
INSURANCE COMPANY
Defendants.

JURY DEMAND

No. 07C1345

## COMPLAINT

COMES the Plaintiff, Saundra Rickman, through counsel, and makes the following representation to this Court for the purpose of obtaining relief from Defendant OM Financial Life Insurance Company's refusal to pay the full value of a life insurance policy and for the negligent acts of Cassandra Pressley as an agent of OM Financial Life Insurance Company.

### JURISDICTION AND VENUE

1. This is an action for damages in excess of Fifty Dollars ($50.00), exclusive of interest, costs and attorney's fees and this Court has jurisdiction pursuant to Tenn. Code Ann. § 16-10-101.

2. Venue is proper within the Circuit Court of Davidson County, Tennessee pursuant to Tenn. Code Ann. § 20-4-104.

### PARTIES

3. Plaintiff, Saundra Rickman ("Plaintiff") is, and at all relevant times was, a resident of Davidson County, Tennessee.

4. Upon information and belied, Defendant Fidelity and Guaranty Life Insurance Company ("Fidelity") is the issuer of policy # L0056099 ("policy") and is the party obligated to pay benefits under that policy. Fidelity is an insurance company licensed to do business with this state and may be served with process by serving the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

5. Upon information and belied, Defendant OM Financial Life Insurance Company ("OM Financial") is the parent company of Fidelity and is the entity responsible for the decision on Plaintiff's claim. OM Financial is an insurance company licensed to do business with this state and may be served with process by serving the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

6. Upon information and belief, Defendant Cassandra Pressley ("Pressley") is, and at all relevant times was, an agent of Fidelity.

## FACTS

7. Plaintiff and her mother Ezelle Rickman ("Decedent") met with Pressley on December 29, 2003, in order to purchase a life insurance policy covering both Plaintiff and Decedent.

8. During the course of their meeting, Pressley completed an application for life insurance on behalf of Plaintiff and Decedent.

9. Decedent's date of birth was January 14, 1926.

10. At several points throughout their conversation, Decedent asked if her age would keep her from getting coverage. Pressley told her that it was not a problem.

11. Pressley was supplied Decedent's driver's license, which showed Decedent's correct date of birth, in order to complete the application for coverage.

12. Under the "Primary Insured" section of the application for insurance, Pressley indicated that Decedent's date of birth was January 14, 1943.

13. Pressley signed the "Agent Certification" portion of the application, indicating that she had completed the application.

14. Fidelity issued a life insurance policy to Rickman and Decedent. The policy was to pay a benefit of $50,000 in the event of the death of either insured individual, with an additional $25,000 benefit if the death was accidental. Plaintiff was the beneficiary under the policy in case of Decedent's death.

15. Under the terms of the policy, Fidelity could not contest the certificate based on statements made in the application after the policy had been in place for more than two years.

16. Decedent died on March 11, 2006, more than two years after the policy was issued.

17. Plaintiff filed a claim for her mother's life insurance benefit under the Policy.

18. On May 10, 2006, Fidelity issued a check in the amount of $3,057.10, claiming that, due to the misstatement of Decedent's age on the application, Plaintiff was not entitled to the full policy benefit.

19. On February 28, 2007, Plaintiff, through counsel, submitted a formal demand for payment to Fidelity. Fidelity has failed to pay the balance of Plaintiff's claim.

## COUNT I
## BREACH OF CONTRACT

Plaintiff incorporates the allegations contained in paragraphs 1 through 20 as if fully stated herein and says further that:

21. Decedent was covered by the Policy, which was to provide a $50,000 benefit in the event of her death.

22. Pressley knew that Decedent's date of birth was not the date listed on the application, as Pressley was provided with a copy of Decedent's driver's license and Decedent made multiple statements regarding her age.

23. Pressley's knowledge as agent is imputed to Fidelity.

24. Decedent died on March 11, 2006, after the incontestability period of the policy had started.

25. Plaintiff made a claim for benefits under the policy.

26. Fidelity has refused to comply with the terms of the policy and provide the full benefit of $50,000 due to Plaintiff.

## COUNT II
## PROFESSIONAL NEGLIGENCE

Plaintiff incorporates the allegations contained in paragraphs 1 through 26 as if fully stated herein and further states that:

27. Pressley sold the Policy to Plaintiff and Decedent.

28. Pressley completed the policy application and recorded the wrong date of birth for decedent.

29. Pressley, as the individual charged with properly completing the policy application, had a duty to ensure that the answers therein were correct.

30. Pressley did not properly record Decedent's date of birth on the application.

31. As a result of Pressley's failure, Plaintiff has been damaged in the amount of the benefits to which she should have been entitled on account of her mother's death.

## COUNT III
## VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT

Plaintiff incorporates the allegations contained in paragraphs 1 through 29 as if fully stated herein and says further that:

30. T.C.A. § 47-18-109 provides a private right of action to any person who suffers an ascertainable loss of money or property as a result of the use or employment by another person of an unfair or deceptive act or practice declared unlawful by the Consumer Protection Act.

31. The Consumer Protection Act prohibits engaging in any act or practice that is deceptive to the consumer or any other person. T.C.A. § 47-18-104(b)(27).

32. Pressley represented to Plaintiff and Decedent that Decedent's age would not affect her coverage under the Policy.

33. In fact, Decedent's age afforded her much less coverage under the Policy than she believed she was purchasing.

34. As a result of the deceptive practices employed by Pressley, Plaintiff has suffered monetary damages.

35. Fidelity is liable for violations of the Consumer Protection Act committed by its agent Pressley.

36. Furthermore, the Policy states that Fidelity cannot contest the Policy due to misstatements on the application once the Policy has been in effect for two years.

37. At the time of Decedent's death, the Policy had been in effect for more than two years.

38. Fidelity has ignored the incontestability clause of the Policy.

39. By ignoring the terms of the contract which it drafted, Fidelity has acted unfairly and deceptively.

40. As a direct and proximate result of Fidelity's conduct, Plaintiff has suffered monetary loss and damages.

41. Through its handling of Plaintiff's claim, Fidelity has willfully and knowingly violated the Tennessee Consumer Protection Act, § 47-18-101 et. seq., entitling Plaintiff to treble damages.

## COUNT IV
## BAD FAITH FAILURE TO PAY CLAIM
## PURSUANT TO T.C.A. § 56-7-105(a)

Plaintiff incorporates the allegations contained in paragraphs 1 through 41 as if fully stated herein and says further that:

42. Plaintiff's claim for benefits is due and payable. Plaintiff gave formal demand to Fidelity on February 28, 2007, and Fidelity has refused to pay further benefits.

43. Fidelity denied a legitimate and well-supported claim for benefits, which clearly shows intent not to honor the terms of the policy.

44. As a direct and proximate result of Fidelity's actions in handling this claim, Plaintiff has suffered monetary loss and damages.

45. Because Fidelity did not act in good faith in denying Plaintiff's claim for benefits, Fidelity is liable under T.C.A. § 56-7-105(a) for additional damages in an amount up to 25% of liability.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Saundra Rickman requests that this Court grant her the following relief in this case:

That the Court enter judgment in favor of Plaintiff and against Defendants Pressley and Fidelity and that the Court order the Defendants to pay damages to Plaintiff.

That the Court order the Defendants to pay an additional amount of damages to Plaintiff in the amount of three times the contractual benefit, for Defendants' violation of the Tennessee Consumer Protection Act, T.C.A. §§ 47-18-104 and 47-18-109.

That the Court order the Defendants to pay an additional 25% of the contractual liability for bad faith handling of the claim, pursuant to T.C.A. § 56-7-105(a).

That the Court order the Defendants to pay Plaintiff prejudgment interest.

That the Court order all Defendants to share Plaintiff's attorneys fees and costs.

That Plaintiff recover any and all other relief to which she may be entitled.

Plaintiff demands a trial by jury in this matter.

Dated this 8th day of May, 2007.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY: *Amanda E. Scales*
Eric L. Buchanan (#018568)

I hereby certify that this is a true copy of original instrument filed in my office this 13 day of __ 2007.
RICHARD R. ROOKER, Clerk
BY: Deputy Clerk

R. Scott Wilson (#019661)
Amanda E. Scales (#024694)
414 McCallie Avenue
Chattanooga, TN 37402
(423) 634-2506
FAX: (423) 634-2505

COPY

IN THE CIRCUIT COURT OF
DAVIDSON COUNTY, TENNESSEE

SAUNDRA RICKMAN §
Plaintiff RICHARD R. §
§ JURY DEMAND
§
v. § No. 07C1345
§
CASSANDRA PRESSLEY; §
§
OM FINANCIAL LIFE INSURANCE §
COMPANY; and §
§
FIDELITY AND GUARANTY LIFE §
INSURANCE COMPANY §
Defendants. §

## COMPLAINT

COMES the Plaintiff, Saundra Rickman, through counsel, and makes the following representation to this Court for the purpose of obtaining relief from Defendant OM Financial Life Insurance Company's refusal to pay the full value of a life insurance policy and for the negligent acts of Cassandra Pressley as an agent of OM Financial Life Insurance Company.

### JURISDICTION AND VENUE

1. This is an action for damages in excess of Fifty Dollars ($50.00), exclusive of interest, costs and attorney's fees and this Court has jurisdiction pursuant to Tenn. Code Ann. § 16-10-101.

2. Venue is proper within the Circuit Court of Davidson County, Tennessee pursuant to Tenn. Code Ann. § 20-4-104.

### PARTIES

3. Plaintiff, Saundra Rickman ("Plaintiff") is, and at all relevant times was, a resident of Davidson County, Tennessee.

4. Upon information and belief, Defendant Fidelity and Guaranty Life Insurance Company ("Fidelity") is the issuer of policy # L0056099 ("policy") and is the party obligated to pay benefits under that policy. Fidelity is an insurance company licensed to do business with this state and may be served with process by serving the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

5. Upon information and belief, Defendant OM Financial Life Insurance Company ("OM Financial") is the parent company of Fidelity and is the entity responsible for the decision on Plaintiff's claim. OM Financial is an insurance company licensed to do business with this state and may be served with process by serving the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

6. Upon information and belief, Defendant Cassandra Pressley ("Pressley") is, and at all relevant times was, an agent of Fidelity.

## FACTS

7. Plaintiff and her mother Ezelle Rickman ("Decedent") met with Pressley on December 29, 2003, in order to purchase a life insurance policy covering both Plaintiff and Decedent.

8. During the course of their meeting, Pressley completed an application for life insurance on behalf of Plaintiff and Decedent.

9. Decedent's date of birth was January 14, 1926.

10. At several points throughout their conversation, Decedent asked if her age would keep her from getting coverage. Pressley told her that it was not a problem.

11. Pressley was supplied Decedent's driver's license, which showed Decedent's correct date of birth, in order to complete the application for coverage.

12. Under the "Primary Insured" section of the application for insurance, Pressley indicated that Decedent's date of birth was January 14, 1943.

13. Pressley signed the "Agent Certification" portion of the application, indicating that she had completed the application.

14. Fidelity issued a life insurance policy to Rickman and Decedent. The policy was to pay a benefit of $50,000 in the event of the death of either insured individual, with an additional $25,000 benefit if the death was accidental. Plaintiff was the beneficiary under the policy in case of Decedent's death.

15. Under the terms of the policy, Fidelity could not contest the certificate based on statements made in the application after the policy had been in place for more than two years.

16. Decedent died on March 11, 2006, more than two years after the policy was issued.

17. Plaintiff filed a claim for her mother's life insurance benefit under the Policy.

18. On May 10, 2006, Fidelity issued a check in the amount of $3,057.10, claiming that, due to the misstatement of Decedent's age on the application, Plaintiff was not entitled to the full policy benefit.

19. On February 28, 2007, Plaintiff, through counsel, submitted a formal demand for payment to Fidelity. Fidelity has failed to pay the balance of Plaintiff's claim.

## COUNT I
## BREACH OF CONTRACT

Plaintiff incorporates the allegations contained in paragraphs 1 through 20 as if fully stated herein and says further that:

21. Decedent was covered by the Policy, which was to provide a $50,000 benefit in the event of her death.

22. Pressley knew that Decedent's date of birth was not the date listed on the application, as Pressley was provided with a copy of Decedent's driver's license and Decedent made multiple statements regarding her age.

23. Pressley's knowledge as agent is imputed to Fidelity.

24. Decedent died on March 11, 2006, after the incontestability period of the policy had started.

25. Plaintiff made a claim for benefits under the policy.

26. Fidelity has refused to comply with the terms of the policy and provide the full benefit of $50,000 due to Plaintiff.

## COUNT II
## PROFESSIONAL NEGLIGENCE

Plaintiff incorporates the allegations contained in paragraphs 1 through 26 as if fully stated herein and further states that:

27. Pressley sold the Policy to Plaintiff and Decedent.

28. Pressley completed the policy application and recorded the wrong date of birth for decedent.

29. Pressley, as the individual charged with properly completing the policy application, had a duty to ensure that the answers therein were correct.

30. Pressley did not properly record Decedent's date of birth on the application.

31. As a result of Pressley's failure, Plaintiff has been damaged in the amount of the benefits to which she should have been entitled on account of her mother's death.

## COUNT III
## VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT

Plaintiff incorporates the allegations contained in paragraphs 1 through 29 as if fully stated herein and says further that:

30. T.C.A. § 47-18-109 provides a private right of action to any person who suffers an ascertainable loss of money or property as a result of the use or employment by another person of an unfair or deceptive act or practice declared unlawful by the Consumer Protection Act.

31. The Consumer Protection Act prohibits engaging in any act or practice that is deceptive to the consumer or any other person. T.C.A. § 47-18-104(b)(27).

32. Pressley represented to Plaintiff and Decedent that Decedent's age would not affect her coverage under the Policy.

33. In fact, Decedent's age afforded her much less coverage under the Policy than she believed she was purchasing.

34. As a result of the deceptive practices employed by Pressley, Plaintiff has suffered monetary damages.

35. Fidelity is liable for violations of the Consumer Protection Act committed by its agent Pressley.

36. Furthermore, the Policy states that Fidelity cannot contest the Policy due to misstatements on the application once the Policy has been in effect for two years.

37. At the time of Decedent's death, the Policy had been in effect for more than two years.

38. Fidelity has ignored the incontestability clause of the Policy.

39. By ignoring the terms of the contract which it drafted, Fidelity has acted unfairly and deceptively.

40. As a direct and proximate result of Fidelity's conduct, Plaintiff has suffered monetary loss and damages.

41. Through its handling of Plaintiff's claim, Fidelity has willfully and knowingly violated the Tennessee Consumer Protection Act, § 47-18-101 et. seq., entitling Plaintiff to treble damages.

## COUNT IV

## BAD FAITH FAILURE TO PAY CLAIM

## PURSUANT TO T.C.A. § 56-7-105(a)

Plaintiff incorporates the allegations contained in paragraphs 1 through 41 as if fully stated herein and says further that:

42. Plaintiff's claim for benefits is due and payable. Plaintiff gave formal demand to Fidelity on February 28, 2007, and Fidelity has refused to pay further benefits.

43. Fidelity denied a legitimate and well-supported claim for benefits, which clearly shows intent not to honor the terms of the policy.

44. As a direct and proximate result of Fidelity's actions in handling this claim, Plaintiff has suffered monetary loss and damages.

45. Because Fidelity did not act in good faith in denying Plaintiff's claim for benefits, Fidelity is liable under T.C.A. § 56-7-105(a) for additional damages in an amount up to 25% of liability.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Saundra Rickman requests that this Court grant her the following relief in this case:

That the Court enter judgment in favor of Plaintiff and against Defendants Pressley and Fidelity and that the Court order the Defendants to pay damages to Plaintiff.

That the Court order the Defendants to pay an additional amount of damages to Plaintiff in the amount of three times the contractual benefit, for Defendants' violation of the Tennessee Consumer Protection Act, T.C.A. §§ 47-18-104 and 47-18-109.

That the Court order the Defendants to pay an additional 25% of the contractual liability for bad faith handling of the claim, pursuant to T.C.A. § 56-7-105(a).

That the Court order the Defendants to pay Plaintiff prejudgment interest.

That the Court order all Defendants to share Plaintiff's attorneys fees and costs.

That Plaintiff recover any and all other relief to which she may be entitled.

Plaintiff demands a trial by jury in this matter.

Dated this 24th day of May, 2007.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY: *Amanda E. Scales*
Eric L. Buchanan (#018568)

R. Scott Wilson (#019661)
Amanda E. Scales (#024694)
414 McCallie Avenue
Chattanooga, TN 37402
(423) 634-2506
FAX: (423) 634-2505